UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARTHIK TRICHUR SUNDARAM,<br><br>      Plaintiff,<br><br>   v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., et al.,<br><br>      Defendants. | Case No. 25-cv-04177-EKL |
| DIMITRY FARBEROV,<br><br>      Plaintiff,<br><br>   v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., et al.,<br><br>      Defendants. | Case No. 25-cv-04199-EKL<br><br>**ORDER CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL, AND DENYING STIPULATION FOR APPOINTMENT OF CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL** |

Before the Court are various motions to consolidate the two above-captioned cases, to appoint lead plaintiff and lead counsel, and a stipulation to appoint co-lead plaintiffs and co-lead counsel.[1]  For the following reasons, the Court hereby consolidates the cases, denies the stipulation to appoint co-lead plaintiffs and co-lead counsel, and appoints the Merrill & Djie Group as lead plaintiff.  The Court also appoints Rosen Law as lead counsel and Schall Law as additional counsel.

**I.   BACKGROUND**

These cases allege that Defendant Iovance Biotherapeutics, Inc. ("Iovance") and certain of the company's executives misled investors in violation of Sections 10(b) and 20(a) of the

---

[1] The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

1    Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. Both cases were filed

2    on May 15, 2025; *Sundaram v. Iovance Biotherapeutics, Inc.*, No. 25-cv-04177-EKL, was

3    assigned the lower case number, thus becoming the lead case for purposes of this Order.[2] On May

4    15, 2025, notice of the *Sundaram* action was published via GlobeNewswire. *See* ECF No. 46-4.[3]

5    Notice of the *Farberov* action was published via BusinessWire the following day. *Farberov*, No.

6    25-cv-04199-EKL, ECF No. 4. The notices alerted members of the putative class to the pending

7    actions and instructed that any request to be appointed lead plaintiff must be filed within 60 days

8    of the notice, or July 14 and July 15, respectively. On July 14, 2025, ten putative plaintiffs timely

9    filed motions to be appointed lead plaintiff and to appoint lead counsel. *See* ECF Nos. 15, 18, 21,

10   24, 28, 30, 35, 39, 45, 46.[4] Since the initial motions were filed, seven movants have either withdrawn

11   their request to be appointed lead plaintiff or otherwise filed notices of non-opposition to another

12   movant being appointed lead plaintiff. *See* ECF Nos. 55, 63, 64, 65, 66, 72, 88.

13   The remaining movants seeking to be appointed lead plaintiff are: the Merrill & Djie

14   Group with an estimated combined loss of $5,199,667, Not. of Errata at 2, ECF No. 56

15   ("Errata");[5] Westfall with an estimated loss of $1,264,855, Westfall Mot. at 3, ECF No. 46 (citing

16   Pafiti Decl. Ex. A, ECF No. 47-1);[6] and the Iovance Investor Group with an estimated loss of

17   $1,198,550, ECF No. 35 at 7 (citing Linehan Decl. Ex. C, ECF No. 36-3).

---

[2] The two cases were related, and *Farberov v. Iovance Biotherapeutics, Inc.*, No. 25-cv-04199-EKL, was reassigned to this Court on May 28, 2025. *See Farberov* ECF Nos. 8-9.

[3] Unless otherwise specified, ECF citations refer to the docket in *Sundaram v. Iovance Biotherapeutics, Inc.*, No. 25-cv-04177-EKL.

[4] Eight out of ten of the motions also included a request to consolidate the two above captioned cases. *See* ECF Nos. 15, 18, 24, 30, 35, 39, 45, 46. The remaining two motions took no position on consolidation. *See* ECF Nos. 21, 28.

[5] While briefing on the motions to appoint lead plaintiff was still open, the Merrill & Djie Group revised their loss chart and updated their estimated loss from $5,622,539 to $5,199,667. Errata at 2.

[6] Competing movants challenge Westfall's loss calculation, but the Court need not reach this issue because, as discussed below, the Merrill & Djie Group has the largest financial loss regardless of the proper accounting of Westfall's loss.

## II. LEGAL STANDARD

### A. Consolidation of the Actions

Consolidation of securities class actions is appropriate under Federal Rule of Civil Procedure 42(a) when the "actions before the court involve a common question of law or fact." *See also* 15 U.S.C. § 78u-4(a)(3)(B)(ii) (contemplating consolidation of securities actions).

### B. Lead Plaintiff

Under the PSLRA, it is the Court's responsibility to "appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.* The Ninth Circuit has established a three-step process for appointing a lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 729-31 (9th Cir. 2002); *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021).

At step one, the Court must determine whether "notice of the action [was] posted so purported class members can move for lead plaintiff appointment." *In re Mersho*, 6 F.4th at 899 (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II)).

At step two, the Court must determine "which movant is the 'most adequate plaintiff[.]'" *Id*. There is a rebuttable presumption that the "most adequate plaintiff" to lead a securities class action is the person or group of persons that: (a) "has either filed the complaint or made a motion [for appointment as lead plaintiff]"; (b) "has the largest financial interest in the relief sought by the class"; and (c) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). The statute allows a "group of persons" to be appointed as lead plaintiff. *In re Mersho*, 6 F.4th at 899 (citing 15 U.S.C. § 78u-4(a)(3)(A)(iii)(I)).

At step three, the Court must determine whether another member of the purported plaintiff class has rebutted "the presumptive lead plaintiff's showing that it satisfies Rule 23." *Pampena v. Musk*, No. 22-CV-05937-CRB, 2023 WL 3082341, at *2 (N.D. Cal. Apr. 24, 2023) (citing *In re Cavanaugh*, 306 F.3d at 730); *see also In re Mersho*, 6 F.4th at 899. Rebutting the presumption "can be done using proof that the presumptive lead plaintiff (1) will not fairly and adequately protect the interests of the class, or (2) is subject to unique defenses that render the plaintiff incapable of adequately representing the class." *Pampena*, 2023 WL 3082341 at *2 (citing Fed. R. Civ. P. 23(a); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). "[J]ust because 'the presumption is

3

rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient.' The statute requires proof that the presumptive lead plaintiff is not adequate." *In re Mersho*, 6 F.4th at 899 (internal citation omitted). "If the presumption is not rebutted, the presumptively most adequate plaintiff must be selected as lead plaintiff." *Id.*

## III. DISCUSSION

The Court first addresses consolidation of the actions and then appointment of lead plaintiff and lead counsel.

### A. Consolidation of the Actions

Consolidation of the *Sundaram* and *Farberov* actions is appropriate because the actions involve common questions of law and fact. *See* Fed. R. Civ. P. 42(a). Specifically, both actions allege substantially the same securities violations arising from Defendants' purported statements to investors. In fact, eight of the ten movants for lead plaintiff also moved to consolidate the *Sundaram* and *Farberov* actions. Thus, these actions shall be consolidated.

### B. Appointment of Lead Plaintiff[7]

#### 1. The remaining movants stipulate to appoint co-lead plaintiffs

Following the close of briefing on the motions to appoint lead plaintiff, the remaining movants – the Merrill & Djie Group, Westfall, and the Iovance Investor Group – submitted a stipulation for the Merrill & Djie Group and Westfall to be appointed co-lead plaintiff and for their respective counsel to be appointed co-lead counsel. ECF No. 88 ("Stip."). The movants represent that they believe "it is in the best interest of the Class to amicably resolve the motions and pool their resources to effectively and efficiently prosecute the Related Actions." *Id.* at 5. The Merrill & Djie Group and Westfall also represent that they have "reviewed one another's submissions to the Court" and "believe that they each satisfy the typicality and adequacy requirements of Rule 23." *Id.* at 4. However, prior to the stipulation, Westfall and the Iovance Investor Group adamantly opposed the Merrill & Djie Group's appointment as lead plaintiff on the basis that the

---

[7] Notice of the action was posted pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II) and all movants timely filed their respective motions to be appointed lead plaintiff.

Group had allegedly committed multiple disqualifying errors in its motion. They specifically "call[ed] into question [the Merrill & Djie Group's] ability to adequately represent the Class[.]" Iovance Investor Group Reply at 1, ECF No. 77 ("Iovance Group Reply"). The stipulation does not address these concerns.

Therefore, because the Court has an independent obligation to identify and appoint the most adequate lead plaintiff, the Court DENIES the stipulation and proceeds to evaluate the competing motions under the three-step process outlined in *In re Mersho*.

### 2.     The Merrill & Djie Group is the presumptive lead plaintiff

The Court finds that the Merrill & Djie Group is presumptively the most adequate lead plaintiff. The Merrill & Djie group has the largest financial interest in the litigation. Courts assess financial interest according to several factors – the number of shares purchased, the amount of funds expended, and the monetary loss suffered. *See, e.g., In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012). Monetary loss is generally considered the most significant factor. *Id.* The remaining movants do not dispute that the Merrill & Djie Group has the largest financial interest with an estimated loss of $5,199,667.[8]

In addition, the Merrill & Djie Group has made a prima facie showing that it satisfies Rule 23's typicality and adequacy requirements. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018) ("Once a movant has demonstrated that it has the largest financial interest, it need only make a prima facie showing of its typicality and adequacy."). As to typicality, the Merrill & Djie Group's claims are typical of the putative class because its members allegedly acquired Iovance securities at artificially inflated prices due to Defendants' alleged misrepresentations, which are the same allegations across the putative class. *See* Merrill & Djie Mot. at 8, ECF No. 24 ("M&D Mot."). As to adequacy, the Merrill & Djie Group has a substantial interest in recovering its claimed losses, so its interests are aligned with the interests of the putative class. Accordingly, the presumption that the Merrill & Djie Group is the most

---

[8] Instead, movants Iovance Investor Group and Westfall argue that the Merrill & Djie Group should be disqualified from consideration under the third requirement – Rule 23 adequacy. *See* Westfall Reply at 6, ECF No. 80; Iovance Investor Group Reply at 1-2.

adequate plaintiff has been satisfied. The burden therefore shifts to the remaining movants to rebut that presumption. *See In re Mersho*, 6 F.4th at 899.

### 3. Competing movants fail to rebut the presumption

The competing movants, the Iovance Investor Group and Westfall, argue that the Merrill & Djie Group should be disqualified from lead plaintiff consideration because it is "inadequate within the meaning of Rule 23." Westfall Reply at 2-3; *see also* Westfall Opp. at 4, ECF No. 67; Iovance Group Reply at 2-3. The Court finds that the competing movants have not pointed to "evidence of inadequacy" sufficient to rebut the presumption.

*Lack of cohesion*: The competing movants argue that the Merrill & Djie Group should be disqualified because it has "failed to demonstrate that it is a cohesive group, capable of adequately representing the class." Iovance Group Reply at 1. Both argue that the representations made in the Merrill & Djie Group's motion are inadequate because the motion did not make "any attestations that they understand the responsibilities of a lead plaintiff and are ready to undertake those responsibilities on the Class's behalf." Iovance Group Reply at 2; Westfall Opp. at 9-10. They further argue that the joint attestation submitted with the Merrill & Djie Group's opposition is untimely and should not be considered. The Court disagrees.

The Court is satisfied that the Merrill & Djie Group is cohesive and capable of adequately representing the class. The group is very small, consisting of only two individuals that are "sophisticated investors" and businesspeople with "ample experience overseeing counsel." M&D Mot. at 8-9; *see also In re Mersho*, 6 F.4th at 902 (explaining that "courts often consider . . . the size of the group" in assessing adequacy); *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1053 (N.D. Cal. 1999) (explaining that courts sometimes refuse "to appoint large, random assemblages of unrelated persons as lead plaintiff"). The Merrill & Djie Group's motion explains that they "desire to prosecute this action on behalf of the Class" and that they are "aware of their joint responsibility to the class as Co-Lead Plaintiffs." M&D Mot. at 8-9. It further states that they are not aware of any unique defenses that could be raised against them and explains that Merrill and Djie, "among other things, were introduced to each other, established and used a dedicated case-related chat protocol for their lead plaintiff motion and this case, and agreed to

6

move as Co-Lead Plaintiffs." *Id.* Based on these statements, Merrill & Djie Group has demonstrated its cohesiveness and willingness and ability to adequately represent the interests of the class. The competing movants have not produced evidence that "cast[s] genuine and serious doubt on [the] plaintiff's willingness or ability to perform the functions of lead plaintiff." *In re Mersho*, 6 F.4th at 901 (citation omitted) ("Competing movants must convince the district court that the presumptive lead plaintiff would not be adequate, not merely that the district court was wrong in determining that the prima facie elements of adequacy were met. That is the purpose of the presumption and burden-shifting.").[9]

*Improper movant group*: Westfall argues that the Merrill & Djie Group in an improper movant group that was "hastily cobbled together by their attorneys for the sole purpose of securing the PSLRA's largest financial interest." Westfall Reply at 8. This argument fails for three reasons.

First, the statute expressly allows a "group of persons" to be appointed as lead plaintiff, so the fact that the Merrill & Djie Group consists of two individuals does not disqualify it. *In re Mersho*, 6 F.4th at 899 (citing 15 U.S.C. § 78u-4(a)(3)(A)(iii)(I)). Second, the fact that Merrill and Djie may not have known each other prior to this litigation does not disqualify their group from appointment as lead plaintiff. *See id.* at 902 (explaining that the proper test is "whether [the] group would 'fairly and adequately represent the interests of the class'" not whether the individual members have a pre-litigation relationship); *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012) ("While a pre-litigation relationship amongst lead plaintiffs is preferred, it is not required."). Third, the Merrill & Djie Group did not need to "cobble together" individual plaintiffs to satisfy the largest financial interest requirement because Merrill independently meets that requirement with an estimated loss of

---

[9] Moreover, Merrill and Djie's joint declaration submitted with their opposition brief reaffirms their ability to serve as lead plaintiff and provides additional information detailing their understanding of their obligation to oversee counsel and their fiduciary duty to the entire class. Merrill & Djie Joint Decl. at 1-2, ECF No. 69-1. The Court finds this joint declaration timely because it primarily reaffirms the statements made in their original motion and because "[b]riefing on the motion was ongoing, and the other groups had the opportunity to address the joint declaration in their replies." *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *4 n.7 (N.D. Cal. May 10, 2016).

1   $3,167,674.50.  Errata Ex. A at 3, ECF No. 56-1; *see also Bruce*, 2012 WL 5927985, at *2 ("This
2   is not a case, however, in which lawyers aggregated plaintiffs in order to overcome the largest
3   stake requirement.  Rather, [individual member of movant group] meets that requirement on his
4   own.").

*Errors in original loss calculation*:  Finally, the competing movants argue that the Merrill & Djie Group should be disqualified because the loss calculation submitted with its original motion contained errors.  *See* Errata at 2 (revising estimated loss from $5,622,539 to $5,199,667).  "An error in claimed losses may render a movant inadequate if there is 'evidence of bad faith or intent to deceive the court or the parties.'" *In re Apple Inc. Sec. Litig.*, No. 4:19-CV-2033-YGR, 2022 WL 354785, at *5 (N.D. Cal. Feb. 4, 2022) (quoting *In re SLM Corp. Sec. Litig.*, No.08-cv-1029 (WHP), 2012 WL 209095, at *8 (S.D.N.Y. Jan. 24, 2012)).  Competing movants do not make such a showing here because the group corrected its loss calculation within one week of filing its original motion.  *Id.* (finding no bad faith or intent to deceive where the plaintiff "corrected its inadvertent errors on the certification (albeit two years after the fact)"); *Pampena*, 2023 WL 3082341, at *3 ("Moreover, because [individual] promptly fixed this seemingly clerical error by submitting a supplemental certification, his mistake is not grounds for finding the Group inadequate under Rule 23.").  Finally, this type of inadvertent error is "not the type[] of error[] that would normally preclude a finding of adequacy to represent the class." *In re Apple Inc. Sec. Litig.*, 2022 WL 354785, at *5 ("Nor is a computational error the type of credibility issue that would 'divert the fact finders' attention from the merits and thus infect the claims of the class as a whole.'" (citation omitted)).

\* \* \*

In sum, the competing movants have not provided sufficient evidence to rebut the statutory presumption that the Merrill & Djie Group is the most adequate plaintiff.  Therefore, the motion to appoint the Merrill & Djie Group as lead plaintiff is GRANTED.

**C.     Appointment of Lead Counsel**

The Merrill & Djie Group's choice of Rosen Law as Lead Counsel and Schall Law as Additional Counsel is reasonable.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cohen v. U.S. Dist. Court*,

586 F.3d 703, 712 (9th Cir. 2009) (holding that if the lead plaintiff makes a "reasonable choice of counsel, the district court should generally defer to that choice"). Movants represent that "[t]he firms have been actively researching the claims of Movants and the putative class, reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants" and that "the firms are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation." M&D Mot. at 9. In addition, according to Rosen Law's resume, the firm has served as lead or co-lead counsel in numerous securities class actions and has recovered billions of dollars serving as lead or co-lead counsel. Rosen Decl. Ex. 5 at 11-22, ECF No. 25-5. Based on these representations, Rosen Law is qualified to serve as lead counsel and Schall Law is qualified to serve as additional counsel. Accordingly, the motion to appoint Rosen Law as lead counsel and Schall Law as additional counsel is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Pursuant to Federal Rule of Civil Procedure 42(a), the above-captioned related actions are hereby consolidated for all purposes into one action.

2. Within thirty days, the parties shall meet and confer and propose a schedule for the filing of a consolidated or amended complaint and Defendants' responsive pleading. Order Granting Stip. at 3, ECF No. 73.

3. This Order shall apply to the above-captioned action (the "Action") and to each case that relates to the same subject matter that is subsequently filed in or transferred to this Court and consolidated with the Action.

4. A Master File is established for this proceeding. The Master File shall be Civil Action No. 25-cv-04177-EKL. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket. Every pleading in the Action shall have the following caption: *In re Iovance Biotherapeutics, Inc. Securities Litigation,* No. 25-cv-04177-EKL (N.D. Cal.).

5. Whenever a case that should be consolidated into this Action is filed in, or transferred to, this District, the parties to the Action shall file an administrative motion to consider whether that case should be related pursuant to Civil L.R. 3-12.

6. All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this Action for pretrial purposes. A party in a related action that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within ten (10) days after the action is related. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to the consolidation of any subsequently-filed or transferred related action.

7. The stipulation to appoint co-lead plaintiffs and co-lead counsel, ECF No. 88, is DENIED.

8. The Merrill & Djie Group's motion for appointment as co-lead counsel and for approval of counsel, ECF No. 24, is GRANTED. All other motions for appointment of lead plaintiff and lead counsel are DENIED.

9. Plaintiffs Lindy Merrill and Tony Djie of the Merrill & Djie Group are appointed to serve as Lead Plaintiff in the Action pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

10. The Merrill & Djie Group's selection of Rosen Law as Lead Counsel for the putative class is approved pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Counsel shall have the authority to speak for all Plaintiffs and putative class members in all matters regarding the litigation, including, but not limited to, pretrial proceedings, motion practice, trial, and settlement. Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

    a. to brief and argue motions;

    b. to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

    c. to direct and coordinate the examination of witnesses in depositions;

    d. to act as spokesperson at pretrial conferences;

    e. to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;

    f. to initiate and conduct any settlement negotiations with Defendants' counsel;

    g. to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required, in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

    h. to consult with and employ experts;

    i. to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees; and

    j. to perform such other duties as may be expressly authorized by further order of this Court.

11. The Merrill & Djie Group's selection of Schall Law as additional counsel for the putative class in the Action is approved.

12. Westfall's administrative motion to for leave to file a sur-reply, ECF No. 81, is TERMINATED AS MOOT because the Court need not reach the arguments addressed therein to resolve the motions to appoint lead plaintiff.

This Order terminates ECF Nos. 15, 18, 21, 24, 28, 30, 35, 39, 45, 46, 81, 88.

**IT IS SO ORDERED.**

Dated: December 15, 2025

Eumi K. Lee
United States District Judge